## Mellon's Appeal.

1. The Act of April, 1843, does not prevent one in failing circumstances, from paying particular creditors in full, nor does it prohibit the assignment of a *chose in action*, for the purpose of securing a particular debt; and the delivery of such assignment to a stranger for the assignee's use, is good.

APPEAL by Thomas Mellon, Esq., general assignee, of Gen. William Larimer, from a decree of the District Court of Allegheny county, allowing Adelia Thacker to take out the money paid into court in this case.

Gen. Larimer, was a banker in Pittsburgh.   On the evening of the 30th December, 1854, he shut his office apparently as usual. That was Saturday evening.   On Monday morning the office did not open ; but that being New Year's Day, no notice was taken of it.   On Tuesday the office did not open, and it came out that the General had failed, and was broken up.   His failure was a

bad one. His assets were much less than his liabilities. He made an assignment to the appellant for the benefit of his creditors. Thomas Dawson was named in the assignment, as an assignee along with Mr. Mellon, but he did not accept, and Mr. Mellon became the sole assignee. The assignment was signed and sealed on the evening of Saturday, the 6th of January, 1855, a week after Larimer's failure; but it was not delivered to Mr. Mellon till Monday, the 8th. On the same evening on which the general assignment was made, just as Gen. Larimer was going to sign and seal it, he said to Mr. Mellon that he owed to Adelia Thacker a debt of such a character, that it ought to be preferred. And he drew up a paper assigning to her so much of the judgment against Mr. Robertson, as would be necessary to cover her claim, and handed it to Mr. Mellon, to enable him to pay her claim, when the money was collected. He then signed and sealed the general assignment to Mr. Mellon, and delivered it to him on the next Monday morning. Miss Thacker was not present when the assignment to her was made, nor any one on her behalf. Mr. Mellon was not her attorney.

· Mr. Mellon was notified, on the part of the general creditors, not to pay the money to Miss Thacker, on the ground that the assignment to her was a fraud on the Act of the 17th of April, 1843, prohibiting preferences in assignments.

On the 20th of July, 1855, Mr. Mellon, still retaining in his hands the assignment to Miss Thacker, a rule was taken in the District Court, to show cause why the judgment should not be marked to Miss Thacker's use. Mr. Mellon, in answer to the rule, then filed the assignment, together with a statement of the circumstances under which it was made, and asked leave to pay the money into court, which was granted. The counsel of Miss Thacker then had added to the rule of the 20th of July, the following words, " and why she should not take out the money paid into court." This rule thus amended, came on to be heard on Mr. Mellon's answer; and the court, on hearing, made it absolute, marking the judgment for Miss Thacker's use, and allowing her to take out the money paid into court.

From this decree of the court this appeal is taken by Mr. Mellon.

*M'Connell*, for appellant.

————, for appellee.

The opinion of the court was delivered January 21, 1856, by Knox, J.—The assignment by William Larimer, Jr., to Adelia Thacker, of the judgment against Robertson, was made at a time when he had the undoubted right to pay such of his creditors as

he chose, and this too without regard to the effect it would have upon other creditors. The delivery to a stranger for her use was good, even though the person to whom he delivered it afterwards, became his general assignee for the benefit of creditors. The Act of April, 1843, does not prevent one in failing circumstances from paying particular creditors in full, nor does it prohibit the assignment of a *chose in action*, for the purpose of securing the payment of a particular debt, made directly to the creditor, as was the case in hand. Thomas Mellon the attorney, who afterwards became the general assignee of Larimer, did not receive the assignment of the Robertson judgment, in trust for Miss Thacker, but merely as a depositee.

Decree affirmed at the cost of the appellant.